DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

DARRIELLE ORTIZ WILLIAMS,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D2023-2434
_____

October 8, 2025

Appeal from the Circuit Court for Hillsborough County; Michael S. Williams, Judge.

Blair Allen, Public Defender, and Lisa B. Lott, Assistant Public Defender, and Pamela H. Izakowitz, Assistant Public Defender (substituted after briefing), Bartow, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Jonathan P. Hurley, Senior Assistant Attorney General, Tampa, for Appellee.


SILBERMAN, Judge.

Darrielle Ortiz Williams was a passenger in a car when it was stopped by police. The officers smelled cannabis[1] and ordered Williams

---

[1] We do not adopt the parties' usage of the general nomenclature "marijuana" and "instead call the controlled substance by its statutory term 'cannabis,' which the legislature has expressly defined to exclude 'marijuana' and 'hemp' as those terms are otherwise defined by statutes

and the driver out of the car. The officers searched the car and discovered cannabis in the glove compartment. Williams was placed under arrest. During a pat-down, an officer found a small baggy in Williams's sock containing a white powdery substance that was later determined to be dimethylpentylone. Williams admitted to officers that the powder was "molly."

Williams moved to suppress any "evidence gathered as a result of the stop, search, detention, and arrest including statements and admissions." He argued that "[t]he odor of marijuana, without additional indicia of criminality, no longer provides probable cause for a search of either a person or a vehicle." The court denied his motion, and Williams entered a guilty plea to possession of a controlled substance but reserved his right to appeal the denial of his motion to suppress. Because the officers reasonably relied on longstanding precedent providing probable cause for a warrantless search of a vehicle emanating the smell of cannabis, we affirm. In doing so, we recognize that in the related en banc decision of *Williams v. State*, No. 2D2023-2200 (Fla. 2d DCA Oct. 1, 2025), this court recedes from prior precedent establishing that the "plain smell" of cannabis alone stands as a valid constitutional basis for probable cause.

We review the denial of a motion to suppress under a mixed standard. *Dermio v. State*, 112 So. 3d 551, 555 (Fla. 2d DCA 2013). We defer to the court's factual findings to the extent they are supported by competent, substantial evidence, but we review the court's application of the law to its factual findings de novo. *Weaver v. State*, 233 So. 3d 501,

---

governing medical use of marijuana, hemp, and industrial hemp." *Williams v. State*, No. 2D2023-2200, at *2 n.1 (Fla. 2d DCA Oct. 1, 2025) (citing § 893.02(3), Fla. Stat. (2023)).

503 (Fla. 2d DCA 2017) (citing *Bautista v. State*, 902 So. 2d 312, 313-14 (Fla. 2d DCA 2005)).

"[A] trial court's ruling on a motion to suppress comes to the appellate court clothed with a presumption of correctness, [where] the reviewing court must interpret the evidence and reasonable inferences and deductions derived therefrom in a manner most favorable to sustaining the trial court's ruling." *Muhammad v. State*, 396 So. 3d 643, 646 (Fla. 2d DCA 2024) (second alteration in original) (quoting *State v. Peltier*, 373 So. 3d 380, 385 (Fla. 2d DCA 2023)).

At the time of Williams's interaction with police, the applicable law was that the smell of marijuana coming from a vehicle provides probable cause for a warrantless search of a vehicle. *See Owens v. State*, 317 So. 3d 1218, 1220 (Fla. 2d DCA 2021); *Baxter v. State*, 389 So. 3d 803, 809 (Fla. 5th DCA 2024). When the officers stopped and approached the car Williams was traveling in, those officers noted a smell of "fresh" or "burnt" cannabis. Thus, under the existing precedent, they had probable cause to conduct a warrantless search of the vehicle. *See id.*

When officers reasonably rely upon binding appellate precedent to conduct a search, the search qualifies as a good-faith exception to the exclusionary rule "even when that appellate precedent is later overruled and the search is deemed to be unconstitutional." *Carpenter v. State*, 228 So. 3d 535, 538 (Fla. 2017) (citing *Davis v. United States*, 564 U.S. 229, 232 (2011)); *see also Baxter*, 389 So. 3d at 812 ("[O]bjectively reasonable reliance on binding precedent is 'blameless police conduct' that 'comes within the good-faith exception and is not properly subject to the exclusionary rule.' " (quoting *Davis*, 564 U.S. at 249)).

In summary, the "plain smell" of cannabis standing alone is no longer sufficient for probable cause, but rather its odor is "a relevant

factor to consider among the totality of the circumstances." *Williams*, 2D2023-2200 at *15. However, because the officers here reasonably relied on then binding precedent when they conducted their search, leading to Williams's arrest and pat-down search, we affirm the denial of Williams's motion to suppress.

Affirmed.

NORTHCUTT and ROTHSTEIN-YOUAKIM, JJ., Concur.

_____

Opinion subject to revision prior to official publication.